UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

   v.                                  **MEMORANDUM OPINION AND ORDER**

Felipe Eduardo Alvarez-Quiroz,        Criminal No. 06-310(3) ADM/JJG

        Defendant.

_____

Andrew R. Winter, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

Felipe Eduardo Alvarez-Quiroz, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Felipe Eduardo Alvarez-Quiroz's ("Alvarez-Quiroz" or "Defendant") Pro Se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 228]. For the reasons set forth herein, Alvarez-Quiroz's motion is denied.

## II. BACKGROUND

On November 7, 2006, Alvarez-Quiroz pled guilty to conspiring to possess with intent to distribute in excess of 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). Plea Agreement [Docket No. 130]. The offense carried a 10-year mandatory minimum, with a maximum of life imprisonment. 21 U.S.C. § 841(b)(1)(A). Based on the amount of methamphetamine, the Court determined the base level offense to be 38 under the Federal Sentencing Guidelines. 18 U.S.C. § 3553. A 2-level increase was applied due to possession of a dangerous weapon in connection with the offense. There was also a 3-level deduction for acceptance of responsibility. Defendant was determined to have a criminal history

category of I, which with an offense level of 37, led to a guideline imprisonment range of 210–262 months. On June 28, 2007, Alvarez-Quiroz was sentenced to 210 months' imprisonment. Judgment was entered on July 3, 2007.

On February 14, 2008, Defendant filed a *pro se* motion [Docket No. 187] for the appointment of counsel to bring a section 2255 habeas motion. The Court denied Defendant's motion because Defendant had adequately demonstrated his ability to communicate and present his arguments to the Court. Defendant appealed the Court's denial of his motion to appoint counsel. There was no final order, and the Eighth Circuit treated the appeal as a petition for a writ of mandamus. The Court of Appeals denied the petition and dismissed the appeal for lack of jurisdiction. On November 15, 2010, the present pro se motion was filed.

### III. DISCUSSION

**A. Section 2255 Standard**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A prisoner is entitled to an evidentiary hearing on a 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

**B.  Statute of Limitations**

Alvarez-Quiroz's § 2255 motion is barred by the applicable one-year statute of limitations.  Section 2255(f)(1) allows criminal defendants to file a habeas motion within one year from the date on which the judgment of conviction became final.  Alvarez-Quiroz's judgment was entered and became final in July 2007.  Therefore, Defendant had until July 2008 to file a timely § 2255 motion.  He did not file his motion until November 10, 2010, over two years late.

The one-year statute of limitations may be extended under the equitable tolling doctrine if the petitioner can prove that (1) he has been pursuing his rights diligently and that (2) some extraordinary circumstance stood in his way.  Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006) (citing Pace v. DiGuglielimo, 544 U.S. 408, 418 (2005)).  Alvarez-Quiroz has failed to demonstrate either element.

With the intention of filing a § 2255 motion, Alvarez-Quiroz made his first request to his previous attorney for documents relating to his case on February 13, 2008.  On March 7, 2008, he sent a second request for documents and also requested his sentencing transcripts.  On April 28, 2008, Alvarez-Quiroz received the court docket sheet, and the judgment and commitment documents, but did not receive the transcripts.  On August 3, 2008, he sent a third request to his attorney for the transcripts.  On January 26, 2009, Alvarez-Quiroz made another request for the transcripts.  On February 19, 2009, his attorney replied that he did not have the transcripts, that Defendant would have to obtain them from the Court, and provided the court reporter's contact information.  On July 29, 2010, approximately one and a half years later, Alvarez-Quiroz sent a letter to the court clerk requesting the transcripts and pleadings.  Alvarez-Quiroz received the

Plea Agreement on October 4, 2010, and the Change of Plea Transcript on October 29, 2010.

Alvarez-Quiroz made some effort to obtain the proper documentation relating to his case to file his § 2255 motion *pro se*, but the record does not indicate that he pursued his rights *diligently*.  Once Alvarez-Quiroz became aware of how to obtain the final documents he was seeking, he did not make a request for them until a year-and-a-half later.  See <u>Diaz-Diaz v. United States</u>, 297 Fed.Appx. 574, 576 (8th Cir. 2008) (unpublished) (holding that when a defendant waits many months before following up on his request for legal materials, he fails to establish that he diligently pursued his rights).

Alvarez-Quiroz also has not shown that there were any "extraordinary circumstances" that barred his acting.  The circumstances of obtaining the legal documents Alvarez-Quiroz listed are not considered extraordinary and are similar to what other petitioners face.  <u>Jihad v. Hvass</u>, 267 F.3d 803, 806 (8th Cir. 2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling.").

Alvarez-Quiroz failed to establish either of the elements necessary for equitable tolling, and his motion is over two years tardy.  Therefore, Alvarez-Quiroz's § 2255 motion is dismissed as time-barred.

### C. Voluntariness of Plea/Effective Assistance of Counsel

Even if Alvarez-Quiroz's motion were not time-barred, it would fail on its merits. Alvarez-Quiroz claims that (1) his plea was involuntary because he was not advised of the elements of the criminal charge and that (2) he received ineffective assistance of counsel because

4

his attorney did not translate the plea agreement into Spanish. The factual record does not support these allegations.

In order to prevail on these claims, Alvarez-Quiroz must show that (1) counsel's assistance fell below the wide range of reasonable professional assistance, and that (2) he was prejudiced by counsel's actions. Strickland v. Washington, 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," and there is a "strong presumption" of competence. Id. at 689.

First, Alvarez-Quiroz's claim that his plea was involuntary is not supported by the record. Alvarez-Quiroz was assisted by an interpreter at his plea hearing and responded that he was entering his plea knowingly and voluntarily. Plea Tr. [Docket No. 226] at 9. Defendant cannot establish that his counsel was deficient in this respect.

Second, Alvarez-Quiroz's claim that he did not understand the plea agreement because it was not translated into Spanish is not supported by the record. At the plea hearing, the Court went through each of the terms of the plea agreement and the rights that Defendant was waiving with specificity using a Spanish interpreter to assist. Defendant acknowledged that he understood his plea, the nature of the charge, and range of penalties that could be imposed. Id. at 9–14. Furthermore, Alvarez-Quiroz stated that he had enough time to speak with his attorney, and he did not express any dissatisfaction or complaints against his attorney. Id. at 8. The Court also noted that Alvarez-Quiroz was clear regarding the waiver of his rights and was not confused. Id. at 10-13. Lastly, although the plea agreement was written in English, there is no constitutional or statutory requirement to provide written translations of documents. United States v. Gonzales, 339 F.3d 725, 729 (8th Cir. App. 2003).

For both of his claims, Alvarez-Quiroz must also meet the second prong of the Strickland test. In order to show prejudice, "defendant must show that there was reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Alvarez-Quiroz does not claim or show that he suffered such prejudice. Therefore, both of the claims are without merit.

**D. Drug Quantity**

Alvarez-Quiroz also argues that the Court erred because he was sentenced for a drug quantity greater that what was charged in the Indictment. Alvarez-Quiroz was indicted for conspiracy to distribute and possession with intent to distribute in excess of 500 grams of a mixture or substance containing a detectable amount of methamphetamine. He was sentenced based a drug quantity of more than 1.5 but less than 5 kilograms of actual methamphetamine or 1.5 kilograms but less than 5 kilograms of "ice." He argues that the reference to a higher drug quantity constituted an unconstitutional constructive amendment of the Indictment.

"[A]ny fact [other than a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." United States v. Villareal-Amarillas, 562 F.3d 892, 897 (8th Cir. 2009) (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). However, "[d]rug quantity under 21 U.S.C. § 841(b)(1) is not an element of the crime unless it increases the statutory *maximum* punishment." United States v. Turner, 603 F.3d 468, 471 (8th Cir. 2010).

In Alvarez-Quiroz's case, the Indictment charged an amount "in excess of 500 grams of methamphetamine." Based on that charge, the minimum penalty would have been 10 years (or 120 months) imprisonment with a maximum penalty of life imprisonment. 21 U.S.C. §

841(a)(1), (b)(1)(A).  Given the total amount and purity of methamphetamine involved, as determined by the pre-sentence investigation, Alvarez-Quiroz was determined to be at a base offense level of 38.  After two adjustments, Alvarez-Quiroz agreed to a total offense level of 37, which carried an imprisonment range of 210–262 months.

Alvarez-Quiroz was properly sentenced to 210 months imprisonment, which is higher than the minimum of 120 months, but lower than the maximum penalty of life available for the charge.  Moreover, Alvarez-Quiroz's Indictment did not charge him with a drug quantity that was limited to 500 grams of methamphetamine, but to an amount *exceeding* 500 grams.  Therefore, there was nothing improper about Alvarez-Quiroz's sentence.

### IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this 2255 motion differently, or that any of the issues raised in Alvarez-Quiroz's petition would be debatable among reasonable jurists.  Therefore, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Alvarez-Quiroz's motion made pursuant to 28 U.S.C. § 2255 is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 22, 2011.