**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

  v.                                      **MEMORANDUM OPINION**
                                            **AND ORDER**

Felipe E. Alvarez-Quiroz,                     Criminal No. 06-310(3) ADM/JJG

        Defendant.

---

Felipe E. Alvarez-Quiroz, pro se.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Court Judge for a ruling on Felipe E. Alvarez-Quiroz's ("Alvarez-Quiroz") self-styled pro se Petition for Government Motion Pursuant to 5K3.1 ("Petition") [Docket No. 238].  Alvarez-Quiroz requests the Government reduce his 210 month sentence due to the recent extension of fast track programs into all Federal Judicial Districts pursuant to a March 1, 2012 Memorandum written by Deputy Attorney General James M. Cole.  Mem. from James M. Cole, Deputy Attorney General, to all U.S. Attorneys (Mar. 1, 2012), <u>available at</u> http://www.justive.gov/dag/fast-track-program.pdf (the "Cole Memorandum").  For the reasons set forth herein, Alvarez-Quiroz's Petition is denied.

## II.  BACKGROUND

On June 28, 2007, Alvarez-Quiroz was sentenced to 210 months in prison after pleading guilty to conspiracy to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  Sentencing Judgment [Docket No. 182].

On November 15, 2010, Alvarez-Quiroz filed a pro se Motion to Vacate under 28 U.S.C. § 2255 ("Motion") [Docket No. 228]. The Motion attacked Alvarez-Quiroz's conviction on voluntariness of plea and effective assistance of counsel. Id. at 5-6. Moreover, the Motion argued the length of the sentence was improper because Alvarez-Quiroz was sentenced for a drug quantity that exceeded what was charged in the Indictment. Id. at 7. Based upon a review of the record, the Motion was dismissed on March 22, 2011 as time barred and on the merits. Mem. Op. & Order [Docket No. 236].

On April 12, 2012, Alvarez-Quiroz filed the instant Petition seeking a sentence reduction on the ground that the recently implemented "fast track" program should be applied to his case. A brief history of fast track programs is warranted. Fast track programs have been used in federal district courts since as early as 1994. United States v. Jimenez-Perez, 659 F.3d 704, 706 (8th Cir. 2011) (citations omitted). Beginning in the southwestern United States, these programs were created by United States Attorneys to help manage a swelling immigration docket. Id. At the time, prosecutors offered to recommend more lenient sentences in exchange for pre-indictment guilty pleas and surrendering certain appellate rights. United States v. Reyes-Hernandez, 624 F.3d 405, 409-10 (7th Cir. 2010). In 2003, Congress adopted the practice through the passage of the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"). Pub.L. No. 108-21, 117 Stat. 650 (2003). Congress approved limited sentence reductions for offenses "whose high incidence within the district has imposed an extraordinary strain on the resources of that district as compared to other districts." H.R.Rep. No. 108-48, at 7 (2003). Further, the PROTECT Act directed the Sentencing Commission to develop a scheme for authorizing downward sentencing departures if

2

the Government files a motion pursuant to a fast track program authorized by the Attorney General and the United States Attorney for a particular district.  Reyes-Hernandez, 624 F.3d at 410 (citing United States v. Martinez-Martinez, 442 F.3d 539, 542 (7th Cir. 2006)).

In response, the Sentencing Commission promulgated U.S.S.G. § 5K3.1, which reads: "Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."  Subsequently, concern arose regarding inconsistent sentence lengths between districts which had fast track programs and those that did not.  See U.S. Sentencing Commission, Report to the Congress: Downward Departures from the Federal Sentencing Guidelines, 65-67 (Oct. 2003) (noting the implementation of fast track sentence reductions might lead to an undesirable sentencing disparity among federal districts), available at http://www.ussc.gov/Legislative_and_Public_ Affairs/Congressional_Testimony_and_Reports/Departures/200310_RtC_Downward_Departure s/departrpt03.pdf.

In 2003, then-Attorney General John Ashcroft issued a memorandum establishing the criteria to be considered by United States Attorneys' Offices deciding to implement fast track programs. Memorandum from Attorney General John Ashcroft Setting Forth Justice Department's Charging and Plea Policies, 16 Fed. Sent. Rep. 129 (2003).  The response was prolific, with twenty districts establishing fast track programs by early 2008.  Reyes-Hernandez, 624 F.3d at 412.  However, the existence of these programs created "concern that defendants [were] being treated differently depending on where [geographically] in the Untied States they [were] charged and sentenced."  Cole Memorandum at 2.  This concern ultimately lead to the

recent Cole Memorandum, requiring districts that prosecute illegal reentry cases to implement fast track programs in accordance with explicit criteria. Id. at 3-4. Effective March 1, 2012, the United States Attorney's Office for the District of Minnesota began implementing a fast track program. United States v. Rascon-Olivas, No. 10–CR–0230(21), 2012 WL 695838, at *1 n.1 (D. Minn. Feb. 28, 2012).

### III.  DISCUSSION

Alvarez-Quiroz contends his sentence should be reduced because of the recently created fast track programs. Alvarez-Quiroz argues he is eligible for a downward departure of up to four levels because of this new program. However, Alvarez-Quiroz's argument fails for multiple reasons.

A sentence reduction pursuant to fast track programs is not available for convictions in drug cases. The Cole Memorandum explicitly authorizes fast track programs for individuals convicted of unlawful reentry in violation of 8 U.S.C. § 1326. Cole Memorandum at 3. While the Memorandum does provides authority to create fast track programs for offenses other than felony illegal entry, the United States District of Minnesota has not exercised this power. Cole Memorandum at 4 n.6.

Even if the District of Minnesota had authorized fast track reductions for drug offenses, Alvarez-Quiroz's Petition would fail on the merits. Defendants are not eligible to request their sentencing Court for a fast track sentence reduction or to compel the Government to ask for the reduction. Before sentencing, if it is determined appropriate, the Government may move for a downward departure from the adjusted base level offense pursuant to the fast track program. Cole Memorandum at 4. The Government did not, and has not made such a motion in Alvarez-

Quiroz's case.

Additionally, to gain the benefits of the fast track program, defendants are required to waive certain pre-trial and post-trail rights. Cole Memorandum at 3-4. Alvarez-Quiroz has not waived these rights. Moreover, as previously mentioned, in 2010, Alvarez-Quiroz filed a Motion to Vacate under 28 U.S.C. § 2255. A § 2255 motion is a right the Cole Memorandum explicitly mentions as needing to be waived in order to be eligible for a reduction under the fast track program. Cole Memorandum at 3-4.

Finally, the fast track program is not retroactive. Rascon-Olivas, 2012 WL 695838, at *1 n.1. Alvarez-Quiroz was sentenced on July 3, 2007, over four years before the Cole Memorandum issued. Therefore, Alvarez-Quiroz is not eligible for a sentence reduction made possible by the fast track program because the program was not available before sentencing.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Alvarez-Quiroz's Petition for Government Motion Pursuant to 5K3.1 [Docket No. 238] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 5, 2012.